IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.                              NO.  13-mj-150 LFG

CAREY GONZALES,

        Defendant.

## FINDINGS OF FACT

THIS MATTER came before the Court on Plaintiff, United States of America's ("United States") "Motion for Detention Hearing and Continuance" [Doc. 6].  The Court conducted an extensive evidentiary hearing and considered the proffers of evidence and cross-examination of witnesses.  It further took judicial notice of the Probation & Pretrial Services' Report and heard counsel's arguments.  For the reasons herein stated, and in accord with the Bail Reform Act, the Court concludes that conditions can be fashioned to minimize any risk of harm or flight

### No Presumption of Detention.

There are certain categories of cases that carry a presumption of detention under 18 U.S.C. §§ 3142(e) and (f).  Gonzales is not charged with producing, procuring, down-loading or distributing child pornography.  Rather, she is charged with one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  Therefore, there is no rebuttable presumption of detention. The United States, therefore, maintains the burden to prove, by clear and convincing evidence, that Gonzales poses an unreasonable risk of flight or harm to the community.

## **Risk of Flight**

Gonzales is 36 years old and has a long history of residency in Albuquerque, New Mexico since age 11.  Both her nuclear and extended families live here.  She has two siblings, ages 43 and 36, who reside in Albuquerque, and two children, ages 14 and 11.  She has in-laws who also reside in Albuquerque.

Until recently, Gonzales was employed in Albuquerque and maintained employment between 2005 and 2013 with the Albuquerque Public School system.  Prior to that, she was employed in Albuquerque in various service industry positions.

The Court's Probation & Pretrial Services Office confirmed her residency, family ties and employment history.  There is no evidence that Gonzales possesses a passport or that she has traveled outside the United States, or could travel outside the United States if she was so inclined.  There is no evidence, either directly or indirectly, to support any inference that Gonzales would be likely to flee, as all of her connections, contacts and family are centered in this judicial district.

## **Risk of Harm**

Gonzales is not charged with the more serious offense of producing, procuring, down-loading or distributing child pornography, as is her husband.  Indeed, the undisputed evidence is that both Gonzales and her husband stated it was her husband who downloaded the pornographic videos.  Gonzales is charged with possessing and viewing the videos with her husband.

There are no allegations that Gonzales has, at any time, engaged in inappropriate sexual contact with minors.  During the execution of a search warrant at her residence, Gonzales was cooperative and voluntarily agreed to be interviewed before and after the search warrant and before and after her arrest.  While in police custody, she agreed to a polygraph examination to determine if she has, at any time, engaged in inappropriate sexual touching or contact with minor children, or

2

if any minor child, including family members, engaged in inappropriate sexual contact with her. The results of the polygraph examination were conclusive and demonstrated that at no time has Gonzales engaged in such conduct.

Probation & Pretrial Services conducted a criminal record check through National Crime Information Center, which included both state and local records.  There is no prior criminal history involving Gonzales, and no evidence whatsoever to support a finding of dangerousness.

The charges against Gonzales significantly differ as to those against her husband, who is charged with a more serious offense for which there is a presumption of detention under 18 U.S.C. § 3142.  Moreover, in her husband's case, there is an allegation that twenty years prior, he sexually molested a minor child. Gonzales' husband sought release, but the Court denied release and ordered him detained, finding that he had not overcome the presumption of dangerousness.  There are no similar allegations or accusations against Gonzales.

The United States argues that Gonzales is dangerous because she made inculpatory statements concerning smoking marijuana, and that, because she viewed child pornography, she poses a danger to every child.  Neither argument is convincing.  The use of personal possession amounts of marijuana, while illegal, does not pose an unreasonable risk of harm to others. Moreover, it is a matter that can be addressed by terms and conditions, including prohibition on use of controlled substances and random drug tests.  So, too, possession of child pornography is a serious federal violation, but there is an absence of any evidence demonstrating that Gonzales has personally harmed any child.

### Probation & Pretrial Services Recommendation

The Court's Probation & Pretrial Services Office, after a thorough evaluation and study, and consideration of Gonzales' history, residency, family ties, employment, financial resources, health

and lack of criminal record, concludes that conditions are available that may be fashioned to adequately manage any risk of non-appearance or danger to the community.  Probation & Pretrial Services recommended release of Gonzales on her own recognizance subject to the following conditions:

A.  That Gonzales report regularly to Probation & Pretrial Services as directed;

B.   that she be prohibited from possessing a firearm, destructive device or dangerous weapon;

C.  that she refrain from any use or possession of any narcotic drug or controlled substance unless prescribed by a licensed practitioner;

D.  that Gonzales' travel be restricted to Bernalillo County unless extra-territorial travel is authorized;

E.  that she not have any unsupervised contact with minor children under 17 years of age;

F.  that she is prohibited from possessing a cellular phone or electronic device with Internet capabilities;

G.  that Gonzales be prohibited from having any contact with any witness in the case;

H.  that she participate in active GPS/home detention monitoring as directed by Probation & Pretrial Services; and,

I.  that she is permitted to have supervised contact with her children as approved by Probation & Pretrial Services.

Consistency should be a hallmark of court decisions.  Indeed, it is for that reason that the Federal Sentencing Guidelines were adopted in 1984.  While those Guidelines are no longer mandatory, but advisory, the intent of the Guidelines was to ensure that defendants are treated equally when they engage in certain prohibited conduct.

4

To ensure consistency in its release/detention decisions, the Court reviewed prior release/ detention rulings on similar charges and finds that in cases where the rebuttable presumption is not applicable, release decisions under various terms and conditions are generally granted. So, too, here, the Court determines that conditions exist which will reasonably protect the community and ensure that Gonzales will be available for further proceedings before the Court.

### Conclusion

The Court concludes that the United States failed to demonstrate that Gonzales is an unreasonable risk of flight or harm, and determines that the terms and conditions proposed by Probation & Pretrial Services are sufficient, under the Bail Reform Act, to minimize any risk of non-appearance or harm.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge